**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSEPH LEE JONES,**

               **Petitioner,**

       **v.**                                     **CASE NO.  12-3233-SAC**

**STATE OF KANSAS,**
**et al.,**

               **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2254 by an inmate of the Shawnee County Jail, Topeka, Kansas. The court has screened the application and finds several deficiencies in this petition. Some claims are dismissed without prejudice, and Mr. Jones is given time to correct deficiencies in other claims. If he fails to comply with this Order within the time allotted, this action may be dismissed without further notice.

**FILING FEE**

The fee for filing a habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a proper Motion to Proceed in forma pauperis upon forms as required by local court rule. Federal law requires that a prisoner seeking such leave submit a proper motion containing an affidavit that sets forth all his assets together with a certified statement of his inmate account that

1

includes all transactions over the six-month period immediately preceding the filing of the lawsuit. The inmate litigant is required to request and obtain this certified account statement from each institution at which he has been confined over the relevant six-month period. Mr. Jones has filed nothing more than his statement that he has no funds. Petitioner must comply with the requirements of federal law, or provide sufficient allegations or documentation showing that he has made adequate and proper efforts to comply. He will be provided forms for filing a proper motion and given time to provide the requisite financial information or proof that he has properly sought that information and is unable to provide it through no fault of his own.

**SEPARATE PETITIONS MUST BE FILED FOR SEPARATE CONVICTIONS**

A habeas petitioner must file a separate petition for each separate conviction or sentence that he seeks to challenge. Petitioner appears to be attempting to challenge two state criminal convictions that were imposed at different times for different crimes in this single habeas corpus action. Obviously, Case No. 11-CR-523 initiated in 2011 is a separate criminal case from Case No. 12-CR-1469, which was initiated in 2012. For this reason, the court finds that Mr. Jones may proceed in this action only upon challenges to his conviction in Case No. 11-CR-523. For reasons that follow, the court further finds that petitioner's challenges to his

conviction or sentence in Case No. 12-CR-1469 must be dismissed from this action without prejudice.

**CASE NO. 12-CR-1469**

With regard to Case No. 12-CR-1469, Mr. Jones alleges that he was convicted of "attempted theft or car burglary."  However, he appears to be attempting to challenge this criminal case before he has been sentenced.  This federal court has long been precluded by Supreme Court precedent from interfering in ongoing state criminal proceedings.  See *Younger v. Harris*, 401 U.S. 37 (1971).  A state prisoner may only challenge his state conviction or sentence in federal court after he has been convicted and sentenced.

In addition, before a state prisoner may file an action in federal court challenging a state conviction or sentence, he must have properly presented all his claims in the courts of the state. Thus, Mr. Jones is first required to raise all his claims on direct criminal appeal to the Kansas Court of Appeals (KCA) and, if dissatisfied with the result, to the Kansas Supreme Court (KSC).  Mr. Jones has obviously not yet directly appealed his conviction or sentence, since he has not been sentenced.  If a state prisoner fails for some reason to present his claims on direct appeal, he must fully exhaust them by way of a state post-conviction motion, meaning the denial of such a motion must also be appealed to the KCA and then

the KSC.[1]  The court concludes that any claims in this petition that are challenges to petitioner's conviction or sentencing in Case No. 12-CR-1469 are premature under the Younger doctrine and have not been exhausted.  Accordingly, these claims are dismissed without prejudice.

**CASE NO. 11-CR-523**

It follows from the foregoing, that in this action Mr. Jones may challenge his conviction and/or his sentence in Case No. 11-CR-523 only.  However, it is impossible to tell from the instant petition which claims are challenges to the conviction or sentence in that case.[2]  He does not even specify the charge or charges he was convicted of in 11-CR-523.  He appears to claim that his conviction

---

[1] Petitioner claims that he has been given a filing restriction in Shawnee County District Court and currently can do nothing in state court without paying the $120 filing fee.  He cannot avoid the exhaustion doctrine in a habeas case by alleging that he has filed so many or such frivolous civil actions in state court that he must submit the filing fee before he may file another civil action there.  He does not allege facts indicating that after his conviction and direct appeals were final, he sought to file a proper and timely 60-1507 motion or other post-conviction motion that was either improperly refused or dismissed.  He states that he has already had a 60-1507 and a 60-1501 petition denied in Shawnee County Court, but does not provide the dates of filing or disposition, the issues raised, or the basis for the court's decision in either of those state cases.

[2] Petitioner makes several claims without making clear in which case the challenged events took place.  For example, he claims that he was coerced to enter a nolo contendere plea agreement.  He also alleges that he objected to prior burglaries in his criminal history, and claims that they were not proven to be person crimes but were treated as such based upon unproven police reports.  In addition, he claims that the "entire case" should be dismissed with prejudice after he proves his appointed counsel and the County Attorney conspired to manipulate him to enter pleas.  His complaint that he has been ordered to Larned for a competency exam appears to relate to his pending criminal case.  He alleges that he has severe, persistent mental illness but is not incompetent and states that he has refused certain parts of the test on the ground that it might incriminate him.

4

in this case was based upon juvenile police reports that were "unproved (sic)" and sealed records that cannot be viewed for errors. In addition, he alleges that "they" lied, tricked and coerced him into believing that if he pled he would get probation. He seeks release from and dismissal of Case No 11-CR-523 and the sealing of juvenile police reports. These sparse allegations are not sufficient to state a claim as they do not include dates or any other facts regarding circumstances. Nor does petitioner provide sufficient information regarding his direct appeal in Case No. 11-CR-523 or other exhaustion of state court remedies.

In order to cure these deficiencies, Mr. Jones is required to file an Amended Petition. He must write the number of this case (12-3233) and "Amended Petition" on the top of the first page of his new petition. In his "Amended Petition" he may challenge his conviction or sentence in Case No. 11-CR-523 only, and must clearly state grounds and facts in support for his challenges. In addition, he must answer all questions to the best of his ability, including those regarding his direct appeal, any collateral appeals, and issues raised. Petitioner will be provided forms upon which he must file his Amended Petition. If he fails to file an Amended Petition within the time allotted by the court this action will be dismissed without further notice based upon the deficiencies discussed herein.

**EXECUTION OF SENTENCE CLAIM IS ALSO A SEPARATE CLAIM**

In connection with Case No. 11-CR-523, Mr. Jones makes the additional claim that he is "done with the time." In support, he alleges that the maximum sentence was 12 months, although he does not disclose what sentence was actually imposed or the date of its imposition. He simply states that with good time, he is done. However, he does not provide the dates on which he was awarded good time or the amounts. Nor does he provide either the custodian's or his own calculations of his sentence credits. He alleges that he submitted jail records to a court showing the dates he was "in and out" on case No. 11-CR-523, but he has not submitted those records to this court. If he disagreed with a ruling of a state court after he submitted records, he should have appealed that court's ruling to the Kansas Court of Appeals. This federal court does not sit as a super appellate court for the Kansas state courts.

Furthermore, the facts alleged by petitioner to support his claim that he has served this entire sentence do not establish that he is entitled to immediate release. His other allegations indicate that he is currently being held in connection with Case No. 12-CR-1469 and that he has yet to be sentenced in this current matter.

In any event, a challenge to the calculation of a state prison sentence is a challenge to the execution of the sentence by state officials. It is not a challenge to the conviction or sentence itself. Challenges to sentence computation must be presented in federal court in a habeas corpus petition filed pursuant to 28 U.S.C.

§ 2241. Before such claims may be raised in federal court, the petitioner must have exhausted all available administrative and state court remedies. Mr. Jones does not show that he has properly exhausted all available state remedies on this claim. Accordingly, petitioner's claim that he was entitled to release from this sentence due to his accumulation of good time credit is dismissed, without prejudice. Even if petitioner can show full and proper exhaustion of state remedies on this claim, he must file a § 2241 petition to raise it in federal court.

Mr. Jones filed other pleadings after this case was opened (Docs. 3, 4, and 5).[3] Having considered these pleadings, the court finds they are not appropriate motions or supplements, and no relief is requested or warranted based upon these materials.

Petitioner is advised that it is not appropriate to send in a stream of supplemental materials after filing what should have been a complete habeas petition, that all materials he sends in must relate to his habeas petition, and that he must state all his claims and

---

3    These pleadings were also submitted in the civil rights action filed by Mr. Jones that he has attempted to connect to this case. The court recently screened that action and discussed these pleading in detail. The first (Doc. 3) is a letter to the clerk with a letter to the Attorney General of Kansas attached. No court action is requested. Any claims regarding unwanted continuances in his current criminal proceedings must be presented to the trial court and on direct appeal. Petitioner's Motion for injunctive relief (Doc. 4) concerns legal mail, which Mr. Jones has recently been advised is a conditions of confinement claim that may only be raised in his civil rights complaint. His other claims regarding "guns, money and jewelry seized from him as a juvenile" are not shown to provide any basis for federal habeas corpus relief. Petitioner must follow proper state procedures to challenge the state's seizure of property. In any event, as was explained in the civil action, Mr. Jones utterly fails to set forth any of the factors that would entitle him to preliminary injunctive relief. Any allegations in these materials intended to support petitioner's habeas claims will only be considered if they are presented in his Amended Petition.

7

allegations in his Amended Petition.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is given thirty (30) days in which to file a proper motion to proceed in forma pauperis upon court-approved forms that has the requisite financial information attached.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to cure the deficiencies in this petition by submitting an Amended Petition upon court-provided forms in which he challenges his conviction and or sentence in Case No. 11-CR-523 only, states all grounds together with all facts in support, and shows that he has properly and fully exhausted state court remedies on all his claims.

**IT IS FURTHER ORDERED** that petitioner's challenges to his conviction or sentence in Case No. 12-CR-1469 are premature and are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's challenge to his sentence and good time credit computation is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Injunctive Relief (Doc. 4) is denied, and his supplemental materials in documents (3) and (5) will not be considered further because all his claims and allegations must be presented in his Amended Petition.

The clerk is directed to send 2254 and IFP forms to Mr. Jones.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2012, at Topeka, Kansas.

　　　　　　　　　　　　　s/Sam A. Crow
　　　　　　　　　　　　　U. S. Senior District Judge