IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

               **Petitioner,**

       **v.**                                  CASE NO. 12-3233-SAC

**STATE OF KANSAS,**
**et al.,**

               **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2254 by Mr. Jones while he was an inmate of the Shawnee County Jail, Topeka, Kansas.[1] The court entered a screening order in which it gave petitioner time to satisfy the filing fee. In addition, the court found several deficiencies in the petition, dismissed some claims, and gave Mr. Jones time to correct the deficiencies in his remaining claims. Since that order was entered, Mr. Jones has filed: Amended Petition for Writ of Habeas Corpus (Doc. 7); Motion for Leave to Proceed in forma pauperis (Doc. 8); and two Supplement(s) to his Amended Petition (Docs. 11 and 12). Having considered all materials in the file, the court dismisses this action for reasons that follow.

---

[1] Petitioner was transferred during the pendency of this action to the Larned Correctional Mental Health Facility, and has recently been transferred to the Hutchinson Correctional Facility. Mr. Jones is reminded that it is his responsibility to immediately notify the court of any change of address.

**FILING FEE**

Mr. Jones has filed a Motion to Proceed in forma pauperis upon forms as directed along with pages entitled "Work with Fund Ledger," each showing an account balance of 0 for dates covering the appropriate six-month period.  Based upon this financial information the court grants petitioner's motion to proceed in forma pauperis in this case.

**REVIEW OF AMENDED PETITION AND SUPPLEMENTS**

In his Amended Petition, Mr. Jones challenges his conviction of attempted burglary upon his plea of nolo contendere on December 6, 2011, in Shawnee County Case No. 11-CR-523.[2]  He alleges that sentencing was "suspended due to incompetency."  The court has discovered that Mr. Jones was sentenced in this case on April 30, 2013.[3]

When asked in his Amended Petition about any direct appeal of the conviction under challenge, Mr. Jones states that he did

---

[2] In its screening order, the court dismissed any challenges to petitioner's conviction in Shawnee County Case No. 12-CR-1469 as premature under the Younger doctrine as well as unexhausted, and held that Mr. Jones could proceed in this action only upon challenges to his conviction in Case No. 11-CR-523.

[3] On-line records maintained by the Kansas Department of Corrections (KDOC) regarding each offender currently in its custody, provide the sentencing date on petitioner's active convictions.

2

not directly appeal the judgment of conviction.[4] To the general question of "have all grounds for relief" been presented to the highest state court," petitioner answers "no" along with "just the criminal history scoring challenge."

As Ground (1) in his Amended Petition, Mr. Jones claims a "Writ Right" under K.S.A. 60-1507 and 1501 "for no docket fee." As factual support for this ground, petitioner alleges that in September and October 2012, he submitted a state petition claiming that he "was done with possible time" to the Shawnee County Clerk and directly to the judge in his criminal case No. 11-CR-523. With respect to exhaustion of this ground, petitioner alleges that he raised this issue through a post-conviction motion in a state trial court. However, he also states that he did not exhaust this ground because he was "being messed around by everyone" and "wasn't aware Appeals Courts does (sic) habeas."

As Grounds (2) and (3), petitioner asserts a due process challenge as to "criminal history scoring," and "the use of unproven juvenile adjudications to prove person crime from

---

[4] To the question had he "previously filed any other petitions . . . concerning this judgment of conviction in any state court," Mr. Jones responded "yes." However, he refers to a "habeas corpus" claiming his "jail time was done" that the "clerk refused to file," and states that he tried to call it to Judge Braun's attention and even tried to file it in his criminal case. He also refers to exhibits "of federal case # 12-CV-3229-SAC." None of these events is shown to have been a proper petition or motion filed in state court challenging this conviction. Certainly, federal civil rights complaints are not petitions filed in state court.

police reports (due process)." In support of this ground, he alleges that court records from his prior burglaries used to calculate his criminal history score could not prove that the crimes occurred in people's homes. He also alleges that he "challenged his criminal history score" in the sentencing court based on the D.A.'s wrongful use of "NCIC police reports." He further alleges that he raised this same claim on his "prior 2007 sentence" and in a 2010 habeas case, and "both state appeals courts ruled against" him. *See State v. Jones*, 206 P.3d 72 (Kan.App. Apr. 24, 2009), *review denied* (Kan. Jan. 8, 2010). With respect to exhaustion, petitioner claims both that he has exhausted and that he need not exhaust state court remedies because he already exhausted this claim while challenging his 2007 sentence. Again, he mentions as additional attempts to exhaust his allegedly thwarted effort to file a state petition and his federal civil rights action. Under this ground, petitioner also reveals that he was "awaiting sentencing" in Case No. 11-CR-523 at the time this Amended Petition was filed.

Petitioner was advised in the court's prior order that it was not appropriate for him to submit a stream of supplemental materials after filing his petition, and that he must state all his claims and allegations in his Amended Petition. Nevertheless, he has submitted two supplements to his Amended Petition. In his first Supplement (Doc. 11) he sets forth

4

allegations, dates, and exhibits intended to show that when he is sentenced on the conviction under attack he is entitled to a certain amount of jail credit. In his second Supplement (Doc. 12), petitioner attempts to present new allegations that he is "in the presumptive non-imprisonment because K.S.A. 21-4711 has been repealed" and that this "was the statute that classified juvenile burglaries as person crimes."

## **DISCUSSION**

The court finds that Mr. Jones has not fully exhausted state court remedies on any challenge he may have to his 2011 conviction or his 2013 sentence in Shawnee County Case No. 11-CR-523. As he was previously informed, in order to have fully exhausted he must have properly presented all his claims to the trial court during the criminal proceedings, on direct appeal to the Kansas Court of Appeal (KCA), and ultimately to the Kansas Supreme Court (KSC). He was also informed that if for some reason his claims could not have been presented on direct appeal, he had to fully exhaust them by way of a proper state post-conviction motion filed in the trial court, the denial of which must have been appealed to the KCA and the KSC. It is now clear from petitioner's responses in his Amended Petition that at the time he filed this action, he had not exhausted state court remedies on any challenge to his conviction or sentence in

5

Case No. 11-CR-523 either by way of direct appeal or a proper state post-conviction motion. The court takes judicial notice of the Kansas Appellate Courts Docket for Appellate Case Number 110001, which is a direct criminal appeal filed by Mr. Jones in District Case No. 11-CR-523. Mr. Jones has provided this court with no information regarding his filing of this direct appeal or its pendency, despite the court's finding upon screening that he had not provided "sufficient information regarding his direct appeal in Case No. 11-CR-523 or other exhaustion of state court remedies." The docket indicates that the motion of Mr. Jones to file a direct appeal out of time was granted on June 24, 2013, and counsel was appointed. The docket also shows that appellee's briefs were received in March 2014, and the matter is currently pending in the KCA.

In addition, the court finds other deficiencies in the Amended Petition. With respect to Ground (1), the court first finds that neither the claim nor the allegations made in support present a recognizable challenge to petitioner's conviction. Petitioner repeats allegations that he was prevented from filing a state habeas petition. This claim, even if true, does not entitle him to release and, in any event, this matter was found to have been resolved in another of petitioner's cases. He also repeats that he submitted a petition to the county clerk and directly to the judge claiming he "was done with possible time."

6

In its prior order in this case, the court specifically dismissed petitioner's claim that he was "done with his time" for lack of adequate factual support; failure to show full exhaustion; and as an attack upon the execution of his sentence, which must be raised in federal court in a petition filed pursuant 28 U.S.C. § 2241. Petitioner presents no additional facts or authority in his Amended Petition that allows him to continue to argue this dismissed claim.

With respect to petitioner's claim that his prior juvenile offenses were improperly considered as person felonies, the court rejects petitioner's theory that this claim is exhausted for present purposes simply because he litigated a similar claim in connection with his 2007 conviction. The sentence under challenge in this action is currently being reviewed in state court on direct appeal. As noted, Mr. Jones has revealed no information about his pending appeal and thus the court is unaware if this particular claim is at issue in those proceedings. If this claim is not presented in that direct appeal, it is unlikely that it will be considered properly exhausted in the future. Certainly, Mr. Jones does not present adequate facts from which this court could now find that he has fully and properly exhausted state court remedies on this challenge to his 2013 sentence.

The same is true as to petitioner's arguments regarding

K.S.A. 21-4711, which he improperly attempts to add in his second supplement. Mr. Jones makes no effort to demonstrate that this claim has been fully litigated on direct or collateral appeal. In summary, the court finds that Mr. Jones currently has a direct appeal pending as to the sentence he seeks to attack herein and dismisses this action for failure to exhaust state court remedies.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

8

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The court finds that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action for failure to exhaust is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice, due to petitioner failure to show full and proper of exhaustion of state court remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2014, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**